## LUCAS et al. v. LUCAS.

(Court of Civil Appeals of Texas. Galveston. April 11, 1912.)

HOMESTEAD (§ 143*) — PROCEEDS—REINVESTMENT—RIGHTS OF SURVIVING SPOUSE.

Where the community homestead of a widow and her deceased husband was condemned for street purposes, and the appraised value paid into court for distribution, this money was not subject to partition between widow and the heirs of her husband against her election; but she was entitled to have the entire amount reinvested in another homestead, in which all parties would have the same interests as in the homestead condemned.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 260; Dec. Dig. § 143.*]

Appeal from District Court, Anderson County; O. C. Funderburk, Judge.

Proceedings by the City of Palestine to condemn the community homestead of Anna Lucas and her husband. From the award made partitioning the proceeds, Anna Lucas and others appeal. Reversed and remanded, with instructions.

See, also, 143 S. W. 1153.

Gregg & Brown, of Palestine, for appellants. A. G. Greenwood, of Palestine, for appellee.

PLEASANTS, C. J. This is a condemnation proceeding, instituted by the city of Palestine to condemn for street purposes the community homestead of appellant Anna Lucas and her deceased husband, L. Lucas. The appellants, Anna Lucas, and John E. Lucas, E. L. Lucas, and W. W. Lucas, who are the children of Anna and L. Lucas, were parties defendant in said proceedings. The commissioners of appraisement valued the property at $1,800. All parties agreed that this award should be made final, which was done, and the money paid into court by the city. Thereupon the appellant Mrs. Anna Lucas presented a motion asking the court to order the whole of said sum of $1,800 invested in another homestead for her use and benefit. Appellants John E. and E. L. Lucas joined in this motion, and requested the court to turn over their two-sixths interest in the $1,800 to appellant Mrs. Anna Lucas. Appellee, W. W. Lucas, resisted the motion, and asked that the $1,800 be partitioned, and that he be awarded a one-sixth interest therein. The court refused to set aside the whole of the fund to appellant Anna Lucas, but gave her one-half interest therein, and also the two-sixths interest of appellants John E. and E. L. Lucas, and awarded to appellee, W. W. Lucas, his one-sixth interest.

The only question presented by this appeal is whether the trial court erred in refusing appellants' motion to have the whole of the sum adjudged as the value of said homestead invested in another homestead for the use and benefit of appellant, and in holding that the appellee, W. W. Lucas, was entitled to have one-sixth of said sum set apart to him. At the last term of this court we certified this question to the Supreme Court. In an opinion delivered February 21, 1912 (143 S. W. 1153), the Supreme Court decided this question in the affirmative. After a discussion of the authorities cited to sustain its decision the Supreme Court, speaking through Justice Dibrell, says: "From the ruling of this court as above indicated, we are clearly of opinion the proceeds of the condemned homestead were not subject to partition between the widow, Mrs. Lucas, and the heirs of her husband, against her election. It is also clear, as we think, that such proceeds were upon the same basis of ownership as the homestead before its conversion into money, and that the widow owned one half and the heirs of her husband the other half, the whole being subject to reinvestment in another homestead in such manner as to indicate by proper recitations, in the judgment of the court conducting the condemnation proceedings, the interest therein of the interested parties, subject to the homestead use in the widow during her life, or for such period as she may elect to use same as a homestead. While it may be true that the judge of the county court does not stand in the relation of trustee to invest the proceeds of the homestead thus condemned, but since the method of procedure in such condemnation proceeding requires that such damages or appraised value of the property as made by the commissioners to be deposited or otherwise secured for the benefit of the interested parties, and since the money has been deposited in the registry of the court, it becomes his duty to see that it is properly disposed of. He is not authorized to make partition of the money, nor to pay it over to the homestead claimant; but he is authorized, and we conceive it to be his duty under the circumstances of this case, to protect all the parties interested by authorizing and directing its reinvestment in another homestead as heretofore indicated."

It follows that the judgment of the court below should be reversed, and the cause remanded, with instructions to the court to order and require the reinvestment of the $1,800 now held in the registry of the court in accordance with the directions contained in the opinion of the Supreme Court before set out; and it is so ordered.

Reversed and remanded, with instructions.